FILED
2009 Feb-04  PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

NANCY LAWRENCE,                  }
                                 }
      Plaintiff,                 }
                                 }     CIVIL ACTION NO.
v.                               }     08-AR-2313-S
                                 }
AMERICAN INVESTORS LIFE          }
INSURANCE COMPANY, INC.,         }
                                 }
      Defendant.                 }
```

## MEMORANDUM OPINION

This court had at least two now evaporated reasons why it set for oral argument the motion filed by plaintiff, Nancy Lawrence, wherein she asks this court to send back to the Circuit Court of Jefferson County, Alabama, the above-entitled case which was removed by defendant, American Investors Life Insurance Company, Inc.  One was to publicly elicit from plaintiff's counsel, as an officer of the court, the confirmation of plaintiff's original intention to cap her claim at $74,500 and thus to eliminate the lingering alleged ambiguity asserted by defendant.  The second was to afford the court the opportunity, of which it now avails itself, to explain to plaintiff that if her motion is granted, and her case thereafter pends in the state court for more than one year, she will not thereby be relieved of her self-imposed cap and will not be authorized to amend her *ad damnum* upwards, that is, without thereby opening defendant to another removal opportunity.  In other words, upon what this court finds to be the firm and inalterable

commitment by plaintiff not to seek from defendant or to accept from defendant more than $74,500 (or any additional relief that would increase the value of the total relief to an amount above $74,500), and with the clear understanding that if the case remains pending in state court for more than one year, plaintiff will nevertheless **either** be limited to a recovery of $74,500 in the state court, or will have waived any objection to a notice of removal if filed by defendant after the one-year period set forth in 28 U.S.C. § 1446(b) has passed.  With these understandings, and upon these conditions, the court finds that it lacks subject-matter jurisdiction and will by separate order grant plaintiff's motion to remand.

    DONE this 4th day of February, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE